# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| ERNEST A. SWINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No. 2:25-CV-00083 HEA |
| JAMES KEVIN STONE, et al., | ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Before the Court is plaintiff Ernest Swinson's typed civil complaint brought against defendants James Kevin Stone and Town and Country Abstract Company, Inc., filed on November 17, 2025. [ECF No. 1]. Plaintiff alleges on May 26, 2017, defendant Stone, the Randolph County Assessor, changed the legal description of plaintiff's property, resulting in the loss of a portion of the land. His complaint seeks damages for this alleged constitutional violation that purportedly occurred in 2017. He makes these same allegations in another lawsuit filed in this Court before the undersigned. *See Swinson v. Stone, et al.*, No. 2:25-CV-00012 HEA (E.D.Mo.). Plaintiff brought his prior lawsuit on January 22, 2025, and he filed an amended complaint in that lawsuit on June 26, 2025. Currently pending in that lawsuit is a motion for reconsideration of the Court's Opinion, Memorandum and Order issued on June 27, 2025, relating to the denial of plaintiff's motion for injunctive relief.

Under Rule 42(a) of the Federal Rules of Civil Procedure, a district court has broad discretion to consolidate actions that involve a common question of law or fact. The Court may consolidate cases on its own motion when appropriate. *Bendzak v. Midland Nat'l Life Ins. Co.*, 240 F.R.D. 449, 450 (S.D. Iowa 2007) (cleaned up).

Here, both actions involve the same parties and stem from the same nucleus of operative fact—specifically, plaintiff's assertions that defendant Stone, the Randolph County Assessor, changed the legal description of plaintiff's property. Although not all of plaintiff's legal theories in the two lawsuits are the same, their factual underpinnings are substantially identical. Consolidation is warranted to promote judicial economy, eliminate duplicative proceedings, and avoid the risk of inconsistent rulings. Accordingly, this case will be consolidated with *Swinson v. Stone, et al.*, No. 2:25-CV-00012 HEA (E.D.Mo.) for all further proceedings. *See* E.D. Mo. L.R. 4. Plaintiff's motion to proceed in forma pauperis in this action will be denied as moot.

Additionally, plaintiff will be instructed to file a second amended complaint, on a Court-provided Civil Complaint form in *Swinson v. Stone, et al.*, No. 2:25-CV-00012 HEA (E.D.Mo.) containing all his claims against defendants. He will be given twenty-one (21) days to do so. Plaintiff's failure to comply with this requirement will result in a dismissal of *Swinson v. Stone, et al.*, No. 2:25-CV-00012 HEA (E.D.Mo.), without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **CONSOLIDATED** with *Swinson v. Stone, et al.*, No. 2:25-CV-00012 HEA (E.D.Mo.) for all further proceedings.

**IT IS FURTHER ORDERED** that all future filings shall be made in *Swinson v. Stone, et al.*, No. 2:25-CV-00012 HEA (E.D.Mo.).

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis in this action [ECF No. 2] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that a copy of this Memorandum and Order shall be filed in *Swinson v. Stone, et al.*, No. 2:25-CV-00012 HEA (E.D.Mo.).

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff with a copy of a Civil Complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint in *Swinson v. Stone, et al.*, No. 2:25-CV-00012 HEA (E.D.Mo.), on a Court-provided form, encompassing all his claims against defendants, **no later than twenty-one (21) days from the date of this Opinion, Memorandum and Order. The Court will not accept any supplements or amendments to the second amended complaint outside of the Court-provided form.**

**IT IS FURTHER ORDERED** that plaintiff's failure to comply with the Court's Order will result in a dismissal of his action in *Swinson v. Stone, et al.*, No. 2:25-CV-00012 HEA (E.D.Mo.), without prejudice.

**IT IS FINALLY ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY CLOSE** this case.

Dated this 19th day of November, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE